USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 4 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STEVEN MEARS,

                          Petitioner,

      -v-

HAROLD GRAHAM,

                          Respondent.
----------------------------------------------------------------X

13-cv-8737 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are pro se Petitioner Steven Mears's objections to a report and recommendation (the "R&R") issued by the Honorable Sarah Netburn, United States Magistrate Judge, recommending that Mears's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely. Dkt. No. 25. For the following reasons, the Court adopts the R&R in its entirety, and Mears's petition is therefore dismissed.

I.    **Background**

    The Court assumes familiarity with the facts of this case as stated in the R&R. Briefly, following an initial mistrial, Mears was convicted of first-degree assault in New York state court on March 9, 2005 and sentenced to eighteen years' imprisonment on August 22, 2005. He appealed directly to the First Department, which affirmed his conviction, and the New York Court of Appeals denied his request for leave to appeal. *People v. Mears*, 866 N.Y.S.2d 75 (1st Dep't 2009); *People v. Mears*, 11 N.Y.3d 927 (2009).

    Thereafter, Mears brought a number of state-court collateral challenges to his conviction. As relevant here, one of these challenges—his motion for leave to appeal the denial of a motion

1

to renew a prior C.P.L. § 440.10 motion—was denied on December 17, 2009, SR 330,[1] and Mears did not bring another challenge until May 18, 2011, when he filed a motion to renew a previously denied motion under New York's speedy trial statute, SR 340. His final state court challenge, a motion for a writ of error coram nobis, was denied on May 21, 2013, and his request for leave to appeal was denied on August 15, 2013. SR 713, 736.

Mears filed his federal habeas petition in this Court pursuant to § 2254 on December 3, 2013. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (pro se prisoners' petitions are deemed filed on the date they are delivered to prison officials). On April 8, 2014, Respondent moved to dismiss Mears's petition as untimely. The Court referred that motion to Judge Netburn for an R&R, and on July 11, 2014, Judge Netburn recommended that the petition be dismissed as untimely. Mears timely filed objections. Dkt. No. 26.

## II. Standard of Review

With respect to dispositive motions, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party files objections to a magistrate judge's R&R, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* By contrast, unobjected-to portions of an R&R are reviewed for clear error. *Watson v. Geithner*, No. 11-cv-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013).

Because Mears is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of*

---

[1] Citations to "SR" refer to the State Court Record provided by Respondent, Dkt. No. 16.

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III. Discussion

Mears's conviction became final 90 days after the New York Court of Appeals denied his application for leave to appeal. *See Pratt v. Greiner*, 306 F.3d 1190, 1195 & n.1 (2d Cir. 2002). Except for certain exceptions not relevant here,[2] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to seek a writ of habeas corpus in federal court within one year of his conviction's becoming final. 28 U.S.C. § 2244(d)(1).

This one-year period may be tolled under certain circumstances. AEDPA itself provides that the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the one-year limitations period. 24 U.S.C. § 2244(d)(2). The limitations period may also be tolled for equitable reasons. To receive the benefit of equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is appropriate only in "rare and exceptional circumstances." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). An "actual innocence" claim can also provide an equitable reason for considering a petition that is

---

[2] For example, AEDPA's one-year limitations period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," even if that date is later than the date on which the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(D). Mears claims that there were "new issues" that he discovered after his conviction became final, Pet. ¶ 18, but as Judge Netburn noted, the only issue that he mentions specifically is an allegation that a signature on the assault victim's medical records was forged. Judge Netburn determined that this issue was not based on newly discovered facts because the signature was in the record throughout the limitations period. *See* SR 578 (Mears's coram nobis motion arguing that trial counsel was ineffective for not noticing forgery); R&R at 11. Mears does not object to this determination, which was not clearly erroneous. *See Rivas v. Fischer*, 687 F.3d 514, 534–37 (2d Cir. 2012).

technically untimely under AEDPA, but Mears never claims actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–34 (2013).

Mears does not object to Judge Netburn's conclusion that the one-year limitation period expired in December 2011, roughly two years before he filed his petition, and that conclusion was not erroneous (clearly or otherwise). More than one year passed between (1) the December 17, 2009 denial of Mears's motion to appeal the denial of his motion to renew and (2) the filing of Mears's next state post-conviction motion, on May 18, 2011. AEDPA's one-year limitations period had therefore already expired, absent tolling, when Mears brought his May 18, 2011 motion, and it cannot be "reset." *See, e.g., Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Williams v. Breslin*, 274 F. Supp. 2d 421, 426 (S.D.N.Y. 2003); R&R at 9. Accordingly, Mears's objections focus primarily on Judge Netburn's conclusion that the limitations period should not have been equitably tolled. As explained below, these objections lack merit.

**A. Equitable Tolling**

The bulk of Mears's objections relate to his argument that the limitations period should be equitably tolled because his lawyer, Robert DiDio, whom Mears's girlfriend retained in 2010 to seek post-conviction relief on Mears's behalf, was in possession of the relevant documents for a two-year period from roughly July 2010 to July 2012. Mears's argument seems to be that DiDio was supposed to file a habeas petition on his behalf before the limitations period expired yet failed to do so. In his opposition to Respondent's motion, Mears cited *Holland v. Florida*, 560 U.S. 631 (2010), in which the Supreme Court held that the petitioner's attorney's failure to file a timely § 2254 petition despite his client's "many letters that repeatedly emphasized the importance of his doing so" could amount to a sufficiently "extraordinary" circumstance to justify equitable tolling. *Id.* at 652. Judge Netburn, agreeing with Respondent, viewed *Holland*

4

as inapposite, since DiDio's retainer agreement indicated that he would be responsible only for state-court filings, and letters between DiDio and Mears—submitted by Mears as exhibits to his opposition brief—revealed nothing to the contrary. R&R at 12.

Mears now argues that Judge Netburn overlooked the fact that he understood DiDio to be responsible for filing "any motion necessary" to overturn his conviction, and that Mears himself was not responsible for drafting or signing the retainer agreement that failed to mention federal habeas. Pet. Obj. at 1–2, 3. He also argues that DiDio did not respond promptly to his letters, presumably implying both that DiDio might have timely filed a habeas petition had he been more diligent and that DiDio held Mears's documents longer than necessary. *Id.* at 2.

But as Judge Netburn explained, even if the Court were to accept Mears's argument that DiDio should have filed a federal habeas petition before the limitations period expired in December 2010, that would not affect this case's outcome because Mears waited an additional *seventeen months* after recovering his documents from DiDio—from July 2012 to December 2013—to file his petition. R&R at 13. In *Holland*, by contrast, the petitioner "prepared his own habeas petition *pro se* and promptly filed it with the District Court" on "the *very day* that [he] discovered that his AEDPA clock had expired due to [his lawyer's] failings." 560 U.S. at 653. Mears's only explanation appears to be that DiDio told him that AEDPA's limitations period had already expired,[3] so he did not think to file a petition until a law clerk at Auburn Correctional Facility advised him to file one anyway and "explain why [it] was not timely filed." Pet. Obj. at

---

[3] As Mears points out, *see* Pet. Obj. at 2–3, the letters he has submitted suggest that DiDio gave him conflicting advice on whether the limitations period had expired. On April 15, 2011, DiDio indicated that "as you are well aware and as we had discussed, the time limit for you to file a petition for habeas corpus relief in federal court has expired." Pet. Ex. E at 5. But on January 31, 2012, he suggested that Mears could still "pursue the Writ in Federal Court." Pet. Ex. F at 1. If, based on this second letter, Mears thought that he *could* still file a federal habeas petition, that would not explain why he waited seventeen months to do so.

2. In other words, Mears invokes his own ignorance of the equitable tolling doctrine to argue that the limitations period should be equitably tolled. But as Judge Netburn correctly noted, lack of legal knowledge—a disadvantage that many habeas petitioners unfortunately share—is not an "extraordinary" circumstance that justifies equitable tolling. *See, e.g., Beaty v. United States*, No. 11-cv-8596 (LAK), 2012 WL 383942, at *2 (S.D.N.Y. Feb. 7, 2012) ("Beaty of course presumably was handicapped in filing earlier than he did by the fact that he is not well educated or trained in the law. But equitable tolling requires considerably more than that."). Accordingly, the Court agrees with Judge Netburn that Mears has not established extraordinary circumstances that prevented him from filing a timely federal habeas petition.

Mears further objects to Judge Netburn's conclusion that, based on the seventeen-month period between receiving his documents back from DiDio and filing his petition, he did not diligently pursue his legal rights throughout the entire period he seeks to toll. Pet. Obj. at 4; *see, e.g., Collins v. Artus*, 496 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) (Chin, J.) ("[T]he party must show that he was unable to pursue his legal rights during the entire period that he seeks to toll."). However, the Court agrees that Mears's failure to file his habeas petition for (at least) seventeen months shows a lack of consistent diligence. AEDPA's one-year limitations period reflects Congress's judgment that a petitioner acting diligently ought to be able to produce an adequate petition within that time. Mears entirely fails to explain why he required seventeen months to prepare his, instead insisting that the only period in which he failed to pursue his rights was in 2010, before he sent DiDio his documents. Pet. Obj. at 4.

In short, the Court agrees that Mears has demonstrated neither that he pursued his rights diligently for the entire period he seeks to toll nor that extraordinary circumstances justified his

6

petition's untimeliness. Judge Netburn was therefore correct that equitable tolling is not called for in this case.

### B. Other Objections

Mears also raises two related procedural objections that do not appear to be related to the issue of equitable tolling. These objections, too, lack merit.

First, Mears objects to Judge Netburn's failure to consider "the fact that Respondent did not advise the court whether my issues were exhausted." Pet. Obj. at 3. Second, he objects that "Respondent's motion to dismiss cannot serve as an answer to an untimely petition under Rule 5 governing section 2254." *Id.* These arguments echo an argument made in Mears's opposition brief, in which he claimed that:

> a motion to dismiss cannot serve as an answer to an untimely petition under the provisions of Rule 5 of the rules governing section 2254, when the respondents duty is to advise the court if all of the issues presented in the petition have been exhausted.

Pet. Opp. at 9.

Mears is correct that the Supreme Court has, in dicta, indicated that a motion to dismiss is an improper vehicle for responding to a habeas petition, *see Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 269 n.14 (1978), and that filing an answer can be helpful to a court in "determin[ing] whether the petitioner has exhausted his state court remedies and/or procedurally defaulted with respect to any or all of his claims," *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). But these concerns are not dispositive under the current version of the Rules Governing § 2254 Cases, 28 U.S.C.A. following § 2254 (the "Rules"), which contemplate motions in response to habeas petitions and require an answer only when the court so requests. *See* Rule 4 (if the judge does not dismiss the petition on initial review, she "must order the respondent to file an answer, motion, or other response"); Rule 5 ("The respondent is not

required to answer the petition unless a judge so orders."). For these reasons, courts interpreting the current Rules have regularly permitted motions to dismiss, and Mears's objection on this ground fails. *See, e.g., Adams v. Greiner*, 272 F. Supp. 2d 269, 271 (S.D.N.Y. 2003); *Purdy v. Bennett*, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002); *Hanson v. Chapdelaine*, No. 10-cv-1725 (MRK), 2011 WL 1342992, at *5–6 (D. Conn. Apr. 7, 2011).

## IV. Conclusion

The Court's de novo review of the objected-to portions of Judge Netburn's R&R reveals no basis for rejecting or modifying it, nor does the Court perceive any clear error in the remainder of the R&R. The Court therefore adopts the R&R in its entirety, and Mears's petition is DISMISSED as untimely.

In addition, the Court declines to issue a certificate of appealability. Mears has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is requested to terminate this case.

SO ORDERED.

Dated: August 14, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge